## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Local Union No. 13417**
**of the United Steel Workers,**

      **Plaintiff,**

v.                                                    **Case No. 12-1003-JWL**

**Kansas Gas Service Company,**
**a Division of ONEOK, INC.,**

      **Defendant.**

## MEMORANDUM AND ORDER

Pursuant to the Federal Arbitration Act, 9 U.S.C.§ 1 et seq., plaintiff brought suit to compel arbitration of a dispute over retiree health benefits set forth in the parties' collective bargaining agreement. Plaintiff moved to compel arbitration pursuant to the FAA and the court granted the motion. Plaintiff now moves for an award of attorney's fees for legal work related to compelling arbitration. Defendant has responded to the motion and plaintiff declined to file a reply brief.

In its motion, plaintiff seeks an award of fees under the court's "inherent power" to award fees when the losing party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. Nasco Inc.*, 501 U.S. 32 (1991). In the context of a party's refusal to arbitrate, plaintiff contends that fees are appropriate if the party who refused to arbitrate "acted without justification" or "did not have a reasonable chance to prevail." *Chauffeurs, Teamsters & Helpers, Local Union No. 765 v. Stroehmann Bros. Co.*, 625 F.2d 1092, 1094 (3d Cir. 1980); *accord Amaprop Ltd. v. Indiabulls Fin. Servs. Ltd.*, 2012 WL 1889417, at *1-2 (2d Cir. May 25,

2012) (federal policy in favor of enforcing arbitration agreements weighs in favor of fee awards against parties who attempt, without legitimate basis, to circumvent arbitration; fees appropriate if party could not have reasonably expected to prevail and did not have a "colorable" legal position).

Without question, plaintiff cannot meet its burden of showing that defendant had no legitimate basis to oppose arbitration. *See Mountain West Mines, Inc. v. Cleveland-Cliffs Iron Co.*, 470 F.3d 947, 954 (10th Cir. 2006) (fee award pursuant to bad-faith exception is appropriate only in "exceptional cases and for dominating reasons of justice"). As defendant aptly highlights in its response, defendant's opposition to arbitration was based in large part on a case from the Seventh Circuit, *Rossetto v. Pabst Brewing Co.*, 128 F.3d 538 (7th Cir. 1997). While the court distinguished this case from *Rossetto* in rejecting defendant's argument, it cannot reasonably be argued that defendant did not have a colorable legal position when it relied on *Rossetto*. Defendant also relied on the Supreme Court's decision in *Litton Financial Printing Division v. NLRB*, 501 U.S. 190 (1991) in arguing that the Union's "postexpiration" grievance was not arbitrable. While the court ultimately rejected that argument as well, it did not do so without rigorously analyzing pertinent case law and defendant's argument–an argument that was both colorable and legitimate. Finally, defendant argued that even if arbitration was appropriate, the Union was required to obtain the consent of the retirees in order to represent the retirees in arbitration. The court agreed fully with defendant in this regard.

In short, defendant, through its counsel, presented arguments in opposition to arbitration that a reasonable and zealous advocate could be expected to present on behalf of a client.

2

Finding no suggestion of bad faith on the part of defendant, the court denies plaintiff's motion for attorney's fees in its entirety.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for attorney's fees (doc. 21) is denied.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2012, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge